The sole issue meriting discussion on this appeal is whether the trial court erred in refusing defendant's request for a specific, cautionary charge to the jury on evaluating eyewitness identification testimony (see, 1 CJI [NY] 10.01, pp 583-589). The victim testified that on the evening of the robbery, he patronized various bars in the City of Binghamton while celebrating the advent of spring vacation at the local community college he was attending. In the early morning hours, he was at a drinking establishment known as "Dell's". There he met, conversed and had a beer with a black male he was only able to describe as being about five feet eight inches tall, wearing a brown jacket and gold chains. After about 20 minutes, they were joined by another stranger, a white male, about six feet tall wearing a long tan jacket or coat. The victim testified that the white male proposed that the three leave the bar and go to a nearby park where they would share a bottle of vodka he had on his person. They left the bar but, upon arrival at the park, the victim was attacked by one or both of his companions, and knocked to the ground. The black male knelt by him and found a hunting knife in the victim's pocket and held it to his eye while directing the white male to search him. After extracting $47 in cash and other personal articles from the victim's pockets, the two assailants left him in the park. The victim reported the incident to the police and was then taken to a local hospital for treatment of facial and head injuries as a result of the attack. Within several days, the police investigation led to defendant through a positive identification of him by the bartender/owner of Dell's, as a familiar patron of the bar whom he had observed in conversation and leaving with the victim on the night of the robbery. Defendant admitted being present during the entire incident, but denied taking part in the robbery, which he claimed was solely committed by the white male whom he could only identify by his first name and who was never apprehended. At the trial, the victim admitted that he was highly intoxicated at the time of the incident and this was confirmed by the result of a test administered during his hospital treatment which revealed his blood alcohol level of .28%.

Defendant did not testify at the trial, the defense being essentially that, under the lighting conditions in the park and

the victim's intoxicated state, the victim incorrectly perceived that he was attacked by both of his companions, rather than only by the white male, as in the version of the incident defendant gave to the police.

Under the foregoing circumstances, we find that no error was committed in the trial court's refusal to give a cautionary instruction on identification. The requirement of such an instruction arises out of recognition of the potential unreliability of identification of strangers by victims or eyewitnesses to crimes following often momentary, traumatic encounters, a view also underlying the imposition of a separate hearing to test the police procedures for postarrest identification of suspects by such witnesses (see, *United States v Wade*, 388 US 218, 228; *People v Whalen*, 59 NY2d 273, 278; *People v Daniels*, 88 AD2d 392, 401). As the trial court correctly observed, however, in the instant case, the contested issue was not the correctness of the victim's identification of defendant as the black man who robbed him. Indeed, the victim never was able to identify defendant as his assailant. The evidence that defendant was the black man described by the victim was entirely independent of the victim's testimony and was essentially uncontradicted. Rather, the central question for the jury was whether the victim accurately perceived that both the black man and the white man physically participated in committing the crime. The latter issue was adequately covered in the court's instruction to the jury that the People "must prove beyond a reasonable doubt that this defendant *actually* participated in the use of force or the threatened use of force or the taking of property from the victim" (emphasis supplied) and that "mere association" with the other perpetrator was not sufficient, and the court's general instructions on evaluating the credibility of witnesses (cf. *People v Whalen, supra,* p 279).

Judgment affirmed. Mahoney, P. J., Kane, Casey and Weiss, JJ., concur.